Ruffin C. J.
 

 It need not be considered, whether the particular provisions of the will take the case out of the general rule, that an assent to a legacy for life is also an assént to one in remainder: because upon other points the opinion of the Court is with the defendant.
 

 The circumstances render it probable, that at the division in 1820, there was an agreement that, instead of setting apart a fund for the maintenance of Mrs. Hester, she should have the whole property in the slave Jane. That supposition accounts naturally for the plain till’s twice renouncing on oath any interest in her, and for his thinking that his daughter would succeed to some interest under her grand mother, and therefore procuring, before he left the State, the appointment of a guardian for her here, who might, upon die death of the grand mother, get his daughter’s share. Ifut, whether that be so, or not, — and the answer does not insist on it — those circumstances and the other evidence establish it as a fact, to the satisfaction of the Court, that a full share of the value of Jane and her children was received by the plaintiff’s son in law, as the share of his wife, with the privity and consent of the plaintiff, and in fulfilment of his intention and the understanding of all concerned, long existing. The fact, we think, cannot be doubted: especially, when the plaintiff delayed for seven years to administer and bring suit after -the mon
 
 *59
 
 ey had been received by a member of his family, resident in the same part of the country with him It is true, that, upon the death of the plaintiff’s wife, her administrator alone legally represented her, so as to be entitled to her share of the negroes: and it is also true, that payment to one not entitled will not excuse an executor from the demand oí the proper person. Yet the force of the defence here set up is not thereby impaired in this Court. For, if the payment had been to the plaintiff, the surviving husband, he could not, by afterwards taking administration, compel the executor to pay him a second time, because in fact the administration would be for his own benefit exclusively, and as soon as he got the money as administrator, he would hold it to his own use: which he could not justly do, with the money already in his pocket. If there were any probability that there were any debts of the wife, there might be a reason for an enquiry as to the amount, and for a decree for enough to satisfy it. But, after a
 
 feme covert
 
 has been dead about thirty years, without some suggestion to the contrary, it may be fairly presumed there is no demand against her estate. The defendant, indeed, says, he might assert a charge on it for a contribution towards the maintenance of his mother in her last years: but that he prefers, only, as a deduction from the plaintiff’s recovery, if he should make any in this suit. The plaintiff is, there-forej suing exclusively for his own personal benefit: and he could not recover, if the money had been actually paid to him before he administered. In effect that was done : for, if he assigned his claim to his daughter or, without an assignment, if he was intentionally the cause of the payment being made to her or her husband, and it was made with his privity and concurrence, it is the same as if the money had gone into his own hands. The plaintiff would not, indeed, be concluded by the settlement made by the
 
 *60
 
 son in law, but might have an account, so as to charge the defendant with a further sum, if he could. But it was admitted on the hearing, that everything had been settled between these parties, except the plaintiff’s demand on account of the three slaves : and, as that is but a single item, and its amount clearly shown, and the payment of his- proportion of it to Lucas fully established, there is no necessity for any enquiry, but the bill must be dismissed with, costs.
 

 Per Curiam. Decree accordingly.